David W. Criswell, OSB No. 925930
criswelld@lanepowell.com
Andrew J. Geppert, OSB No. 203744
gepperta@LanePowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Kenneth S. Eiler, Trustee of
Estate of Fizz & Bubble, LLC

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>FIZZ & BUBBLE, LLC,<br><br>                        Debtor. | Case No. 19-34092-pcm7 |
| KENNETH S. EILER,<br><br>                        Plaintiff,<br><br>    v.<br><br>CAPITAL FUNDING ASAP LLC,<br><br>                        Defendant. | Adv No.<br><br>**COMPLAINT**<br><br>**(Avoidance and Recovery of Preferential Transfers – 11 U.S.C. §§ 547 and 550)** |

Plaintiff, Kenneth S. Eiler, in his capacity as the Trustee (the "**Trustee**") of the chapter 7 bankruptcy estate (the "**Estate**") of Fizz & Bubble, LLC (the "**Debtor**"), by and through his undersigned counsel, alleges as follows:

**SUMMARY OF RELIEF SOUGHT**

1. This is an action brought by the Trustee to avoid and recover preferential transfers of approximately $61,938.30 made by the Debtor to Capital Funding ASAP LLC ("**Capital Funding**") within the 90-day period prior to the filing of the Debtor's bankruptcy case.

PAGE 1 of 5 –   COMPLAINT

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719691.0001/8822621.2

Case 22-03012-pcm    Doc 1    Filed 01/21/22

## JURISDICTION AND AUTHORITY

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1409.

3. This adversary proceeding is filed in the chapter 7 bankruptcy case of the Debtor pending in the United States Bankruptcy Court for the District of Oregon, Case No. 19-34092-pcm7 (the "**Case**").

4. The matter in controversy arises under Fed. R. Bankr. P. 7001, particularly subsections (1) and (2), 11 U.S.C. §§ 547 and 550. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), including the matters described in (A) and (F).

5. The Trustee consents to the entry of a final order or judgment by the Court pursuant to LBR 7008-1.

## PARTIES

6. The Trustee is the bankruptcy trustee appointed by the Court to administer the Estate for the benefit of the Debtor's creditors.

7. Defendant Capital Funding is a limited liability company organized under the laws of the State of New Jersey, with a principal place of business at 437 Brentwood Ave., Toms River, NJ 09755.

## INTRODUCTORY ALLEGATIONS

8. The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 4, 2019 (the "**Petition Date**"), thereby commencing Case No. 19-34092-tmb11 before this Court. On February 1, 2021, the Debtor's Case was converted to a case under chapter 7 of the Bankruptcy Code, and is now administered under Case No. 19-34092-pcm7.

9. Capital Funding provided a financing solution to the Debtor using a cash advance structure whereby Capital Funding "purchased" at a significant discount to par a portion of future receipts of the Debtor. The economic substance of this financing structure is that of a loan. Based on the Debtor's records, the Debtor's relationship with Capital Funding began on August 19, 2019, a mere 77 days before the Debtor filed for relief under the Bankruptcy Code.

PAGE 2 of 5 – COMPLAINT

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

719691.0001/8822621.2

Case 22-03012-pcm    Doc 1    Filed 01/21/22

10. On September 9, 2019, Capital Funding filed a financing statement with the Oregon Secretary of State, Filing Number 92032769, which purports to secure the Debtor's payment obligations to Capital Funding under the applicable financing agreement.

11. Capital Funding advanced $120,000 to the Debtor (characterized as a purchase of a portion of the Debtor's future receipts). On September 6, 2019, Capital Funding advanced an additional $170,000 to the Debtor. The Trustee has taken into account the September 6, 2019 advance when considering a potential subsequent new value defense with respect to pre-September 6, 2019 payments by the Debtor to Capital Funding.

12. Based on the Debtor's records, the Debtor remitted funds to Capital Funding in the amounts and on the dates set forth below (the "**Transfers**"):

| Date | Method | Account | Amount |
| --- | --- | --- | --- |
| 9/9/2019 | electronic withdrawals | chase account 9939 | $ (1,798.80) |
| 9/9/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/10/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/10/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/11/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/11/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/12/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/12/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/13/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/13/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/16/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/16/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/17/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/18/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/19/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/20/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/23/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/24/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/25/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/26/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/27/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 9/30/2019 | electronic withdrawals | chase account 9939 | $ (2,649.50) |
| 10/07/2019 | Bill Payment (Check) | BOA Checking | $ (750.00) |
| 10/08/2019 | Bill Payment (Check) | BOA Checking | $ (750.00) |
| 10/09/2019 | Bill Payment (Check) | BOA Checking | $ (750.00) |
| 10/10/2019 | Bill Payment (Check) | BOA Checking | $ (750.00) |
| 10/11/2019 | Bill Payment (Check) | BOA Checking | $ (750.00) |

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

| 10/14/2019 | Bill Payment (Check) | BOA Checking | $ (750.00) |
|---|---|---|---|
| **Total:** | | | $(61,938.30) |

13. The Trustee has reviewed the Debtor's books and records and, on December 2, 2021, sent a letter to Capital Funding requesting that it provide to the Trustee any documents that may support an affirmative defense to the claims asserted herein. The Trustee did not receive a response. The Trustee has taken into account any known or reasonably knowable affirmative defenses to the claims asserted herein available to Capital Funding as required by 11 U.S.C. § 547(b).

## CLAIM FOR RELIEF

**(Avoidance and Recovery of Preferential Transfers 11 U.S.C. §§ 547 and 550)**

14. The Trustee restates and incorporates the allegations of paragraphs 1 through 13 above.

15. The Trustee may avoid each of the Transfers under 11 U.S.C. § 547. The Transfers transferred property of the Debtors within the 90-day period before the Petition Date and were made:

    a. To or for the benefit of Capital Funding;

    b. For or on account of an antecedent debt owed by the Debtor before the Transfers were made;

    c. Made at a time when the Debtor was insolvent;

    d. That enabled Capital Funding to receive more than it would receive if the case were a case under chapter 7 of the Bankruptcy Code, the Transfers had not been made, and such creditor received payment of such debt to the extent provided by the Bankruptcy Code.

16. Capital Funding was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

PAGE 4 of 5 –   COMPLAINT

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719691.0001/8822621.2

Case 22-03012-pcm    Doc 1    Filed 01/21/22

17. Unless otherwise determined after a trial, pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Capital Funding the sum of not less than $61,938.30 plus interest thereon.

WHEREFORE, the Trustee requests entry of a judgment:

A. Declaring the Transfers to be avoidable preferential transfers under 11 U.S.C. § 547, and entry of judgment and money award in favor of the Trustee and against Capital Funding in the amount of at least $61,938.30;

B. Awarding post-judgment interest at the maximum legal rate; and

C. Awarding the Trustee such other legal and equitable relief as may be just and proper.

DATED: January 21, 2022

LANE POWELL PC

By: /s/ David W. Criswell
David W. Criswell, OSB No. 925930
Andrew J. Geppert, OSB No. 203744
Telephone: 503.778.2100
Attorneys for Kenneth S. Eiler, Trustee

PAGE 5 of 5 – COMPLAINT

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

719691.0001/8822621.2

Case 22-03012-pcm    Doc 1    Filed 01/21/22